No. 62.—JOHN C. ROGERS et al. *v.* C. H. MORRISON, Executor, et al.

The Parish Court is without jurisdiction *ratione materia* in a suit to annul a sale, when the property involved exceeds in value the sum of five hundred dollars. Constitution of 1868, art. 87.

Where the evidence shows that the testamentary executor has been recreant to his trust, and has administered the estate with a total disregard of the interests of the creditors and heirs, he will be removed from office, and a dative testamentary executor will be appointed according to law. C. C. 1149.

In a suit by the creditors against the executor to remove him from office, evidence offered by the executor, impugning the motives of the attorneys who bring the suit, is irrelevant to the matters at issue, and not admissible.

APPEAL from the Parish Court of Ouachita. *Ray*, Parish Judge. *Stubbs & Cobb*, for plaintiffs and appellants, *Morrison & Farmer*, for defendants and appellees.

HOWE, J. The plaintiffs, as ordinary creditors of John Liles, Sr., deceased, instituted this suit against the testamentary executor and A. Levi, the purchaser of the property hereinafter mentioned, to annul the sale and to cause the executor to be removed from his office.

The decision recently made in the case of Swan v. Gayle will dispose of this case so far as it is a demand for the annulment of the sale and against the defendant Levi, since the property involved appears to be of value largely exceeding the sum of five hundred dollars.

We will proceed therefore to examine the case upon its merits, only upon that branch which concerns the demanded removal of the executor.

John Liles, Sr., died in the parish of Ouachita on the twentieth of November, 1867; on the twenty-sixth of November, 1867, his testamentary executor having qualified, obtained an order for an inventory of the estate, and the inventory was accordingly made. The item with which we are specially concerned consists of the plantation on which the deceased was residing at the time of his death, and also a tract known as the "Frantum Place," which together are described in the inventory as containing five hundred and seventy and forty-three one hundredths acres, and are appraised at thirty-five dollars per acre; as the Frantum Place contains about two hundred and ten and one-half acres it thus appeared that the home place contained about three hundred and fifty-nine and one-half acres.

On the twentieth of March, 1868, the executor obtained an order to sell the property of the estate, and it was accordingly advertised. In the advertisement the five hundred and seventy and forty-three one hundredths acres were described in two tracts as follows:

*First*—"A plantation on the Ouachita river seven miles below Monroe, upon which deceased resided, bounded above by lands of R. W. Richardson, and below by lands of the heirs of Reuben Frantum, containing three hundred and fifty-nine and a half acres, *more or less*, with all the improvements thereon.

*Second*—"Another plantation known as the Frantum Place containing two hundred and ten and three one hundredths acres, more or less, with all the buildings and improvements thereon, bounded above by lands of the estate of Reuben Frantum, and below by lands of R. W. Richardson."

At the first offering, on the fourth of May, 1868, only a quantity of personal property was sold, and the remainder of the property was advertised for sale at twelve months credit, by the same description. At the second offering the home place was adjudicated to the defendant A. Levi for the price of five thousand two hundred and fifty dollars.

The plaintiffs allege that this home place really contained about five hundred and ninety acres, instead of three hundred and fifty-nine and

a half acres; making a difference in value according to the appraisement of upwards of eight thousand dollars; that this excess consisted of a tract of two hundred and thirty-four acres conveyed to Liles by John F. Parker February 9, 1850; that the executor failed to have this large tract placed on the inventory, although he was aware that it belonged to the succession, and formed a part of the home place; that he was informed before the final adjudication to Levi that the tract so adjudicated contained also the tract of two hundred and thirty-four acres; and that he caused the place to be advertised by metes and bounds not fixed in the inventory as three hundred and fifty-nine and a half acres, more or less, the effect of which would of course be to convey to the *bona fide* purchaser, if the sale was valid, the whole number of acres contained within the bounds given, even if much more than three hundred and fifty-nine and a half acres.

They make many averments of fraud on the part of the executor and Levi, and of collusion between them.

We think it established by the record that the home place really contained about five hundred and ninety acres, and that its sale for five thousand two hundred and fifty dollars, if maintained, would result in a great loss to the estate. And leaving out of view the questions of fraud and collusion, which will come before the proper tribunal in case another action is brought to annul the sale, we are constrained to decide that the executor has been at least so grossly careless in respect to this matter that his removal from office is properly demanded.   C. P. 1013, 1019; C. C. 1149.

It appears that he has been recorder of this parish; that he was a neighbor and intimate friend of the deceased; that he was a witness to the act of sale from Parker to Liles of the omitted tract; that this act was recorded and indexed at the time the inventory was made; that as the attorney of Liles he had occasion to know that during the last year of his life the decedent rented three hundred acres of cleared land of the home place to Hardy, and cultivated himself about one hundred and forty acres; that, at the first offering of the property, he was admonished by Judge Richardson that the place contained upwards of five hundred acres; and that he was under the impression himself, as appears by his own evidence, that the plantation contained more land than the advertisement described; and yet, under such circumstances as these, without making a secrecy, he causes the place to be sold *per aversionem,* in such way that (if the sale be not hereafter annulled) the defendant Levi will secure five hundred and ninety acres instead of the three hundred and fifty-nine and a half acres which were inventoried and advertised.

The executor states that he caused the sale to be made *per aversionem* to avoid litigation. If he had feared that there might be *less* than three hundred and fifty-nine and a half acres in the tract we could see

the force of this argument in his behalf; but under the circumstances we have detailed, the very method of the sale seems to be weighty evidence of a disregard for the interest of the succession and the creditors.

It is objected that the claim of the plaintiff Rogers is invalid, and that he is without interest to prosecute this case, but as there is no such objection to the claim of the other plaintiffs, H. Gerson, Jr., & Co., we do not find it necessary at this time to pass upon this point.

The defendants reserved a bill of exceptions to the refusal of the court *a qua* to allow evidence concerning the motives of one of plaintiffs' attorneys in bringing this suit. The court did not err in its ruling. The testimony was irrelevant to the issues presented.

For the reasons given it is ordered and adjudged that the judgment of the Parish Court be avoided and reversed.

It is further ordered that the demand of the plaintiffs against the defendants for the annulment of the sale be dismissed for want of jurisdiction in the Parish Court and without prejudice.

It is further ordered that Charles H. Morrison, testamentary executor of the succession of John Liles, Sr., be, and he hereby is, removed from his office; that he file an account of his proceedings as executor of said succession; that a dative testamentary executor be appointed to execute the provisions of the will of the said decedent, and to settle the affairs of said estate according to law, and that the costs be paid by Morrison, executor, the appellee.

Rehearing refused.